IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ A. WISCOVITCH BARRERAS, et al., <br><br> **Plaintiffs,** <br><br> v. <br><br> CARMEN YULÍN CRUZ SOTO, et al., <br><br> **Defendants** | CIVIL NO. 18-1029 (RAM) |

<u>OPINION AND ORDER</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

The Court has received a Report and Recommendation ("R & R") from United States Magistrate Judge Marcos E. López. (Docket No. 162). Plaintiffs and Defendants filed objections. (Docket Nos. 167, 168, and 170). The Court has reviewed the portions of the R & R to which objections were made, pursuant to 28 U.S.C. § 636(b)(1). The Court agrees with the Magistrate Judge's conclusions but clarifies the analysis for two key findings in the R & R. Thus, the R & R is **ADOPTED AS MODIFIED** below.

I. **PLAINTIFF WISCOVITCH'S DECLARATION**

The Magistrate Judge correctly determined that Plaintiff José Wiscovitch Barreras's ("Wiscovitch") declaration under penalty of perjury is not a sham affidavit. Upon review of the declaration and the record, the contents of the declaration do not clearly contradict any testimony previously provided by Wiscovitch. The

declaration is also permissibly based on Wiscovitch's personal knowledge and is factually specific. *See* <u>Malave-Torres v. Cusido</u>, 919 F. Supp. 2d 198, 204 (D.P.R. 2013). The Court acknowledges Defendants' contention that the declaration was written strictly to create the mistaken impression that Wiscovitch was calm and composed during the incident at the heart of this litigation. (Docket Nos. 167 at 7; 168 at 9). However, the statements in the declaration fit the narrative of Wiscovitch's prior testimony, which described a chaotic scene in which both sides were heated.

Further, the Court notes Mayor Carmen Yulin Cruz's ("Mayor Cruz") objection to Plaintiffs relying primarily on the declaration to controvert seventeen of Defendants' proposed facts. (Docket No. 168 at 9).[1] After reviewing these responses *de novo*, the Court finds that eight of the challenged responses (numbers 14, 19, 23, 28, 35, 38, 40 and 50) are supported by evidence in the record. (Docket No. 134). And the remaining responses (numbers 12, 15, 16, 29, 30, 37, 41, 44 and 45) rely primarily on the declaration only insofar as they dispute whether certain statements were either said or not said by or to Wiscovitch. **All these contentions are consistent with Wiscovitch's prior testimony, and none artificially create a dispute of material fact**.

---

[1] The Municipality of San Juan raised issues with these same seventeen responses in its *Reply to Memorandum in Opposition to Defendant's Municipality of San Juan's Motion for Summary Judgment*. (Docket No. 145 at 5-6). The Magistrate Judge addressed them in turn in the R & R. (Docket No. 162 at 5-6 n.3). The Court amends the Magistrate Judge's analysis as explained below.

Moreover, while Mayor Cruz takes issue with the reliance on the declaration to support fact numbers 52 and 61 of *Plaintiffs' Statements of Undisputed Facts* (Docket No. 168 at 9), both are consistent with Wiscovitch's prior testimony. (Docket Nos. 134-2 at 69; 134-12 at 3).

In summary, Wiscovitch's declaration is not a sham affidavit and Plaintiffs properly relied on it at the summary judgment phase. The R & R is thus adopted as to this point based on the analysis above.

## II.   THE NIEVES ANALYSIS

Defendants also object to the Magistrate Judge's analysis of the First Amendment claim for retaliatory arrest, contending that the R & R strays from the burden shifting scheme established by the Supreme Court in Nieves v. Bartlett, 139 S.Ct. 1715 (2019). (Docket Nos. 167 at 9-13; 168 at 15-20). In Nieves, the Supreme Court held that a plaintiff pursuing a Section 1983 claim for retaliatory arrest must first plead and prove the absence of probable cause for his arrest. *See* Nieves, 139 S.Ct. at 1725.[2] Once that threshold showing is met, "[t]he plaintiff must show that the retaliation was a substantial or motivating factor behind the arrest, and, if that showing is made, the defendant can prevail

---

[2] However, this requirement does not apply "when a plaintiff presents evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." Id. at 1727.

only by showing that the arrest would have been initiated without respect to retaliation." Id.

The R & R condenses the Nieves analysis and lacks clarity as to the applicable burden shifting. To clarify, a genuine issue of material fact exists regarding whether the officers had probable cause to arrest Wiscovitch. Specifically, it is unclear when, if at all, Wiscovitch identified himself to the police officers. As the Magistrate Judge wrote, "[n]o objectively reasonable police officer could have believed there was probable cause to arrest Mr. Wiscovitch for refusing to identify himself if Mr. Wiscovitch had in fact identified himself to the police." (Docket No. 162 at 18). Thus, while Plaintiffs put forth evidence concerning the absence of probable cause, the Court cannot make that determination at this juncture. This case differs from Nieves, where the Court found that the officers plainly had probable cause to arrest the plaintiff. *See* Nieves, 139 S.Ct. at 1728. Further, the issue of if or when Wiscovitch identified himself to the police officers precludes a definitive finding as to Plaintiffs' burden to show that the retaliation was a substantial or motivating factor behind the arrest, and Defendants' subsequent burden to show that the arrest would have been initiated without respect to retaliation. Therefore, genuine issues of material fact exist that preclude summary judgment on the First Amendment retaliatory arrest claim. *See* Jordan v. Town of Waldoboro, 943 F.3d 532, 542 (1st Cir. 2019)

("Probable cause is a mixed question of law and fact. The court submits the evidence of it to the jury, with instructions as to what facts will amount to probable cause if proved."); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]").

### III.  CONCLUSION

The Magistrate Judge's R & R is **ADOPTED AS MODIFIED**. Defendants' motions for summary judgment are **GRANTED** with regards to the: (i) claim for unlawful seizure under the Fourth Amendment for Wiscovitch's initial stop, (ii) First Amendment claim for violation of Wiscovitch's commercial speech rights, (iii) shareholder claim to recover economic damages from the closure of Asiana Sushi Bar, and (iv) claims asserted under Article II, § 16 of the Puerto Rico Constitution. Defendants' motions for summary judgment are **DENIED** with regards to the: (i) First Amendment claim for retaliatory arrest, (ii) Fourth Amendment claim for unlawful arrest, (iii) claims for violations of Article II, §§ 1, 8, and 10 of the Puerto Rico Constitution, and (iv) claims under § 1802 of the Puerto Rico Civil Code.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of March 2022.

                                          S/RAÚL M. ARIAS-MARXUACH
                                          UNITED STATES DISTRICT JUDGE