IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ A. WISCOVITCH-BARRERAS, et al., <br><br>**Plaintiffs,** <br><br> v. <br><br> CARMEN YULÍN CRUZ-SOTO, et al., <br><br>**Defendants** | **CIVIL NO. 18-1029 (RAM)** |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court are Co-Defendant Carmen Yulín Cruz-Soto's ("Mayor Cruz") *Urgent Motion Requesting That All Events in the Instant Matter be Stayed Pending Appeal* ("*Motion*") and *Plaintiffs' Opposition to Defendant Carmen Yulin Cruz's Notice of Appeal and Urgent Motion to Stay* ("*Opposition*"). (Docket Nos. 180; 182). For the reasons stated below, Mayor Cruz's *Motion* is **DENIED WITHOUT PREJUDICE**.

### I. BACKGROUND

On June 7, 2021, Mayor Cruz moved for summary judgment contending that, as Mayor of San Juan, she was protected by the doctrine of qualified immunity. (Docket No. 105 at 15-17). On March 4, 2022, this Court adopted Magistrate Judge Lopez's *Report and Recommendation*, which held that genuine issues of material fact preclude a finding that Mayor Cruz is entitled to the protections

of qualified immunity, and thus summary judgment was denied. (Docket Nos. 162 at 28; 176). Mayor Cruz subsequently filed a *Notice of Appeal*, seeking interlocutory review of this Court's denial of the defense of qualified immunity. (Docket No. 179). Mayor Cruz also filed the *Motion*, seeking a stay of all district court proceedings pending the First Circuit's decision on her appeal. (Docket No. 180). Plaintiffs' *Opposition* argues that the First Circuit lacks jurisdiction to review this interlocutory appeal, and thus the *Motion* should be denied. (Docket No. 182).

## II. ANALYSIS

A district court's denial of the defense of qualified immunity can be immediately appealed only to the extent that it turns on an issue of law. *See* Diaz v. Martinez, 112 F.3d 1, 3 (1st Cir. 1997) ("If the pretrial rejection of the qualified immunity defense is based on a purely legal ground . . . then the denial may be challenged through an interlocutory appeal."). However, "a defendant, entitled to invoke a qualified-immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial." Id. (internal quotation marks and citation omitted).

Federal Rule of Appellate Procedure 8 states that "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal." Fed.

R. App. P. 8(a). Courts consider the following factors in deciding whether to issue such a stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Diaz-Colon v. Toledo-Davila, 980 F. Supp. 2d 214, 217 (D.P.R. 2013) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

Here, Mayor Cruz did not address any of the above-stated factors. Her *Motion* states, in conclusory fashion, that her appeal "turns on legal, rather than factual grounds." (Docket No. 180 at 1). Such a bare bones allegation fails to make a "strong showing that [s]he is likely to succeed on the merits," Diaz-Colon, 980 F. Supp. 2d at 217, especially when "[t]he dividing line that separates an immediately appealable order from a nonappealable one in these purlieus is not always easy to visualize." Diaz, 112 F.3d at 3. Additionally, nowhere does the *Motion* grapple with factors two through four of the above-cited test. (*See* Docket No. 180). In the absence of arguments to the contrary, this Court finds that further delay will cause harm to Plaintiffs, who are in the midst of preparing for trial, and that "the public policy concerns underlying official immunity doctrines will not be served by further delaying these proceedings." Diaz-Colon, 980 F. Supp. 2d

at 218 (reviewing a similar motion to stay).

### III. CONCLUSION

For the foregoing reasons, Mayor Cruz's *Motion* at Docket No. 180 is **DENIED WITHOUT PREJUDICE.** This Court would entertain another motion that properly substantiates the need for a stay pending Mayor Cruz's interlocutory appeal, should she choose to make one.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of April 2022.

S/RAÚL M. ARIAS-MARXUACH
UNITED STATES DISTRICT JUDGE