IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ A. WISCOVITCH-BARRERAS, et al.,<br><br>**Plaintiffs**,<br><br>v.<br><br>CARMEN YULÍN CRUZ-SOTO, et al.,<br><br>**Defendants** | CIVIL NO. 18-1029 (RAM) |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Co-Defendant Carmen Yulín Cruz-Soto's ("Mayor Cruz") *Second Motion Requesting Stay* (the "*Motion*"). (Docket No. 188). Plaintiffs have submitted an *Opposition* to the *Motion* (the "*Opposition*"). (Docket No. 193). The Court finds that Mayor Cruz has not made a strong showing that she is likely to succeed on the merits of her appeal, and thus the *Motion* is **DENIED WITH PREJUDICE**.

## I. BACKGROUND

On April 5, 2022, this Court denied Mayor Cruz's *Urgent Motion Requesting That All Events in the Instated Matter be Stayed Pending Appeal* at Docket No. 180 without prejudice. (Docket No. 184). The Court stated that it would entertain another motion if it properly substantiated the need for a stay pending appeal. Id. at 4. The Court pointed the parties to the list of factors it would consider

in ruling on a new motion, as outlined in Diaz-Colon v. Toledo-Davila, 980 F. Supp. 2d 214, 217 (D.P.R. 2013). (Docket No. 184 at 3). These factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Diaz-Colon, 980 F. Supp. 2d at 217 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

On April 11, 2022, Mayor Cruz filed the *Motion*, again requesting a stay and addressing each of the four above-mentioned factors. (Docket No. 188). Plaintiffs then filed the *Opposition*, arguing primarily that Mayor Cruz is not entitled to immediate appellate review based on settled First Circuit case law, and thus contending her request for a stay should be denied. (Docket No. 193).

## II. ANALYSIS

The First Circuit Court of Appeals has held that summary judgment orders denying qualified immunity which "turn[] on either an issue of fact or an issue perceived by the trial court to be an issue of fact are not" immediately appealable. Norton v. Rodrigues, 955 F.3d 176, 184 (1st Cir. 2020) (internal quotation marks and citation omitted). Here, Mayor Cruz argues that this Court "should

have decided that [she] was entitled to qualified immunity because the presence of probable cause for an arrest defeats a First Amendment retaliatory arrest claim as a matter of law." (Docket No. 188 at 3-4). The issue of whether a given set of facts constitutes probable cause is certainly a legal question. *See* Jordan v. Town of Waldoboro, 943 F.3d 532, 541 (1st Cir. 2019), *abrogated on other grounds by* Thompson v. Clark, 142 S. Ct. 1332 (2022). However, "only a jury can resolve reasonably disputed issues of fact." Id.

In this case, the primary reason why this Court denied Mayor Cruz's summary judgment motion was its finding that "a genuine issue of **material fact** exists regarding whether the officers had probable cause to arrest Wiscovitch." (Docket No. 176 at 4) (emphasis added). In particular, this Court found that a jury must first determine when, if at all, Wiscovitch identified himself to the arresting officers. Id. This threshold finding is crucial to the probable cause analysis because, as the Court explained in its Opinion and Order, "**no objectively reasonable police officer could have believed there was probable cause to arrest Mr. Wiscovitch for refusing to identify himself if Mr. Wiscovitch had in fact identified himself to the police**." Id. (emphasis added).

Mayor Cruz casts a blind eye on the above trial-worthy issue and instead argues she is entitled to immunity as a matter of law because "the two arresting officers confirmed they both had

probable cause to arrest Plaintiff Wiscovitch[.]" (Docket No. 188 at 4). However, the First Circuit has clearly stated that defendants who invoke its "limited power of interlocutory review must be prepared to accept the facts in the light most favorable to the plaintiff and develop the argument that, even drawing all the inferences as the district court concluded a jury permissibly could, they are entitled to judgment as a matter of law." Norton, 955 F.3d at 184. If the Court were to draw all inferences in Plaintiffs' favor and determine that Wiscovitch identified himself to the arresting officers, there would be no probable cause for his arrest based on a failure to identify himself. Thus, Mayor Cruz cannot rely on what the arresting officers "confirmed" in requesting this stay when Plaintiffs' version of the facts leads to a different conclusion.

In summary, the entire basis on which Mayor Cruz's argument rests – the presence of probable cause – cannot be determined without a jury's findings on key disputed factual issues. Mayor Cruz thus failed to show she is entitled to immediate appellate review on this issue.

Additionally, the Court does not find that any of the other factors listed above – irreparable injury to either side or public interest concerns – warrant granting the requested stay in the absence of a strong showing of likelihood of success on the merits of the appeal.

### III. CONCLUSION

For the foregoing reasons, the *Second Motion Requesting Stay* at Docket No. 188 is **DENIED WITH PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of April 2022.

                                             S/RAÚL M. ARIAS-MARXUACH
                                             UNITED STATES DISTRICT JUDGE