IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ A. WISCOVITCH-BARRERAS, et al.,<br><br>**Plaintiffs,**<br><br>v.<br><br>CARMEN YULÍN CRUZ-SOTO, et al.,<br><br>**Defendants** | CIVIL NO. 18-1029 (RAM) |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

The Municipality of San Juan ("Defendant") filed a Bill of Costs seeking $3,798.05 from plaintiffs José Wiscovitch, Rosario Castañeda, Claudia Wiscovitch, and Victoria Wiscovitch ("Plaintiffs"). (Docket No. 268). The majority of the $3,798.05 comes from deposition expenses Defendant incurred in 2020. Plaintiffs contend they should only be charged for the attendance fees and transcript costs for each deposition, but not for: (1) "Zoom access" fees; (2) handling fees; or (3) sales tax. (Docket No. 271 at 3). Each challenge is addressed in turn below.

### I. APPLICABLE LAW

Federal Rule of Civil Procedure 54(d)(1) states that "costs – other than attorney's fees – should be allowed to the prevailing party" unless a statute, rule, or order provides otherwise. Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920(2) allows "[a] judge or clerk

of any court of the United States" to tax "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2).

In the case at bar, Plaintiffs do not dispute that the deposition transcripts were "necessarily obtained for use in th[is] case." Rather, they assert that the three aforementioned line items are not included in the "fees" recoverable under this statute.

## II. DISCUSSION

### A. Zoom Access Fees

Defendant is entitled to the Zoom access fees included in the deposition charges. Historically, many courts have viewed videoconferencing fees as a convenience instead of a necessity, and thus treated them as non-taxable travel expenses. *See, e.g.*, Sanford v. Portfolio Recovery Assocs., LLC, 2013 WL 5476272, at *3 (E.D. Mich. 2013) (holding that videoconference costs were not taxable under 28 U.S.C. § 1920 because "conducting the depositions by videoconference was not a necessity, but rather a convenience"). Courts continue to do so today when the party seeking payment fails to explain why videoconferencing was necessary. *See, e.g.*, Row Equip., Inc. v. Terex USA, LLC, 2022 WL 152869, at *4 (S.D. Ga. 2022). However, during the pandemic, videoconferencing became a necessity, not a convenience, and thus courts have increasingly taxed videoconference connection fees. *See, e.g.*, Bohner v. Union

Pac. R.R. Co., 2022 WL 970872, at *6 (E.D. Mo. 2022) (awarding videoconference fees to the defendant pursuant to § 1920(2) because "videoconferencing during the COVID-19 pandemic was not done for the purpose of convenience but rather for the public health").

The depositions in this case were conducted during the peak of the COVID-19 pandemic – the summer and fall of 2020. (Docket Nos. 269-1; 269-3; 269-5). Thus, Defendant may recover for the Zoom access fees associated with these depositions, as they were incurred out of necessity, not convenience. Defendant's request as to these fees is **GRANTED**.

### B. Handling Fees

In contrast, the handling fees are not taxable. Courts have made clear that costs associated with shipping and handling of deposition transcripts are not recoverable. *See, e.g.*, Brigham & Women's Hosp., Inc. v. Perrigo Co., 395 F. Supp. 3d 168, 172 n.1 (D. Mass. 2019) ("For each recoverable deposition transcript, defendants shall recover the actual transcript cost and, if applicable, the reporter attendance fee. Costs associated with . . . shipping and handling are not recoverable."). Therefore, Defendant's request to tax $30 in handling fees – $10 per deposition bill – is **DENIED**.

### C. Sales Tax

Finally, the Court finds that the sales tax charges associated

with the depositions are taxable. Section 1920(2) allows the Court to tax fees for transcripts necessarily obtained for use in the case. 28 U.S.C. § 1920(2). Sales tax payments are non-discretionary components of such transcript fees. Thus, the Court sees no reason why it should require Defendant to bear the obligatory tax costs associated with obtaining these necessary transcripts. *See* Greenberger v. GEICO, 2009 WL 10739619, at *2 (N.D. Ill. 2009) (allowing defendants to recover sales tax for payments to document processing vendor because "in jurisdictions where sales taxes are assessed, paying the tax is not optional").

The bills provided by Defendant show that sales tax was only levied on the payment for Victoria and Claudia Wiscovitch's depositions, and that the tax charge totaled $49.60. (Docket No. 269-1). Defendant is entitled to this amount, save for $0.40, which will be deducted to reflect the exclusion of charges associated with the $10 handling fee on the bill. *See supra* § II.B. Thus, Defendant's request to tax $49.60 is **GRANTED IN PART**. Defendant may recover $49.20 in sales tax payments.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Bill of Costs is **GRANTED IN PART** and **DENIED IN PART**. Defendant is entitled to recover $3,767.65 in costs from Plaintiffs.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of November 2022.

                                         S/RAÚL M. ARIAS-MARXUACH
                                         UNITED STATES DISTRICT JUDGE